Citation Nr: 1755106 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 13-25 755 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent disabling, prior to April 5, 2017, for degenerative disc disease with sciatica.

2. Entitlement to a disability rating in excess of 60 percent disabling after April 5, 2017, for intervertebral disc syndrome with bilateral lower extremity radiculopathy .


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran and spouse



ATTORNEY FOR THE BOARD

M. McGoings, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1993 to September 2001.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an July 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. The Veteran testified at a hearing in July 2016 before the undersigned Veterans Law Judge (VLJ). A transcript of that hearing is associated with the Veteran's claims file.

The issue of entitlement to an increased rating for the Veteran's back disability was the subject of a December 2016 Board remand. The Board remanded the claim in order for the RO to schedule the Veteran for a back examination to properly identify all of the Veteran's back disabilities and any conditions that may be related to her back disability. Also within the remand was the instruction to clarify the Veteran's disability and the assigned diagnostic code. 38 C.F.R. § 4.71a provides, in pertinent part, that "for diagnostic codes 5235 to 5243 unless 5243 is evaluated under the Formula for Rating Intervertebral disc Syndrome Based on Incapacitating Episodes." Thus, though the Veteran was previously rated under DC 5237 for lumbosacral or cervical strain, the same rating criteria were used to assess the Veteran's disability as if he had been rated under DC 5242 for degenerative arthritis of the spine. The Board finds that there has been substantial compliance with the remand directives, and the matter is now appropriately before the Board. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 



FINDINGS OF FACT

1. Prior to April 5, 2017, the Veteran's service-connected back disability was manifested by flexion of 90 degrees or greater and extension ended at 30 degrees, with no diagnosis of ankylosis or objective signs or symptoms of radiculopathy.

2. The rating as of April 5, 2017, contemplates intervertebral disc syndrome with incapacitating episodes of at least 6 weeks during the past 12 months and bilateral mild incomplete paralysis of the sciatic nerve. There is no evidence of ankylosis. 


CONCLUSIONS OF LAW

1. Prior to April 5, 2017, the criteria for a disability rating in excess of 10 percent for degenerative disc disease of the lumbar spine have not been met. See 38 U.S.C. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.321, 4.40, 4.45, 4.59, 4.71a (Diagnostic Code 5237 (2016).

2. Since April 5, 2017, the criteria for a disability rating in excess of 60 percent for intervertebral disc syndrome, with incapacitating episodes, have not been met. See 38 U.S.C. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.7, 4.10, 4.40, 4.45, 4.59, 4.71a (Diagnostic Code 5243).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board has thoroughly reviewed all the evidence in the Veteran's VA files. In every decision, the Board must provide a statement of the reasons or bases for its determination, adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate review by the Court. 38 U.S.C. § 7104 (d)(1); see Allday v. Brown, 7 Vet. App. 517, 527 (1995). Although the entire record must be reviewed by the Board, the Court has repeatedly found that the Board is not required to discuss, in detail, every piece of evidence. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (rejecting the notion that the Veterans Claims Assistance Act mandates that the Board discuss all evidence). Rather, the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The points below focus on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake, infra.

Neither the Veteran nor her representative has raised any issues with the VA's duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument). Thus, the Board need not discuss any potential issues in this regard.

Increased Rating for back disability, Prior to April 5, 2017

Prior to April 5, 2017 the Veteran's back disability was rated under the General Rating Formula for Diseases and Injuries of the Spine as 10 percent disabling

Under the General Rating Formula, Diagnostic Code 5237, a 10 percent rating for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. A 20 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 40 percent rating is warranted for forward flexion of the thoracolumbar spine 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine. A 50 percent evaluation requires unfavorable ankylosis of the entire thoracolumbar spine, and a 100 percent rating is assigned due to unfavorable ankylosis of the entire spine. 38 C.F.R. § 4.71a, DC 5237.

In October 2011 the Veteran made a claim for an increased rating for her low back disability, asserting that her condition had progressively worsened.

The Veteran's private treatment records, including those from the Medical Center Pain Clinic, Red Bud Occupational and Physical Therapy, and The Imaging Center have been weighed and considered. One such record, dated August 2011, revealed that the Veteran's vertebral body heights and disc spaces were unremarkable and alignment of the spine was normal. The Veteran's flexion was "normal" and extension was "limited." The extent of that limitation was not specifically recorded in degrees, however.

The Veteran was afforded a VA examination to assess her thoracolumbar spine in January 2012. Range of motion testing revealed the Veteran has forward flexion of 90 degrees or greater, with no objective evidence of painful motion. The Veteran's extension ended at 30 degrees, with no objective evidence of painful motion. Range of motion was unaffected by repetitive-use testing. There was no evidence of localized pain or tenderness or muscle spasms. 

The Veteran's VA outpatient treatment records have been associated with the claims file. In January 2012, the Veteran had complaints of low back pain and decreased mobility. In a June 2012 neurology consult, the Veteran's range of motion of the lumbar spine was adequate and within normal limits. An MRI report, dated December 2014, revealed degenerative disc disease at L5-S1 and to a lesser extent L4-L5, with neuroforaminal and central canal narrowing.

Records from AAA Chiropractic, dated March 2016, reveal that the Veteran continued to suffer from pain, stiffness, paresthesia, and spasms described as "severe." The Veteran's back pain remained largely unchanged in a following April 2016 examination, but described her pain at that time as "moderate to severe." In May 2016, an examination revealed similar findings, but the Veteran's symptoms were characterized as "moderate."

The Board recognizes that the Veteran submitted lay evidence in support of her contention that her back disability warranted a rating in excess of 10 percent disabling. However, in determining the actual degree of disability, contemporaneous medical records and an objective examination by a medical professional are more probative of the degree of the impairment than the Veteran's lay opinions. This is particularly so where the rating criteria require analysis of the clinical significance of medical symptoms, even if the existence of symptoms is observable by a layman. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed.Cir. 2009); King v. Shinseki, 700 F.3d 1339, 1344-45 (Fed. Cir. 2012).

The record also contains lay evidence submitted by the Veteran's friends and family, this evidence has been weighed and considered by the Board in rendering its decision. The Veteran's family is competent to provide lay evidence as to symptomatology associated with the Veteran's back condition that they personally witness, however, neither the Veteran, nor her friends and family, have demonstrated that they have the knowledge or skill to assess a complex medical condition that requires consideration and interpretation of clinical tests, X-rays or imaging studies, and an understanding of the musculoskeletal systems and related disorders. Accordingly, the lay evidence has been assigned less probative value than the objective medical evidence of record. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011).

While the schedule for rating back disabilities specifically indicates that the range of motion criteria are to be applied "with or without symptoms such as pain..., stiffness, or aching", the Board must also assign the next higher rating if the symptoms and functional limitations more closely approximate the criteria for the higher rating. See 38 C.F.R. §§ 4.3 and 4.7; see also DeLuca, 8 Vet. App. at 206-07; 38 C.F.R. §§ 4.40, 4.45, and 4.59. Range of motion testing during this period revealed forward flexion of 90 degrees or greater, with no objective evidence of painful motion and extension ended at 30 degrees, with no objective evidence of painful motion. Because the record contains range of motion measurements throughout the period that fail to meet the criteria for a higher rating, the Board finds that a rating in excess of 10 percent disabling is unwarranted. Further, as revealed by the January 2012 VA examination of the spine, and later confirmed by the April 2017 VA examination, the Veteran had no documented incapacitating episodes that would justify an alternate rating under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes.

The Board has considered whether the Veteran is entitled to a separate neurological evaluation during this period based on sciatica. VA outpatient treatment records, dated March 2011, show that the Veteran had complaints of pain radiating from her lower back down through her buttocks and right hip. Although the January 2012 VA examiner noted the Veteran had previously been diagnosed with sciatica, that same examiner also expressly checked "no" as to the question of whether the Veteran had any signs or symptoms of radiculopathy at that examination. Strength testing was completely normal, and there was no muscle atrophy. The sensory examination was also completely normal. On reflex testing, knee and ankle reflexes were hypoactive on the left and normal on the right. Straight leg raising test was negative (a positive test suggests radiculopathy according to the examination report). Again, the only neurological abnormality shown was hypoactive reflexes on the left, and the examiner concluded there were no signs or symptoms of radiculopathy. Outpatient treatment records, such as those from the Oklahoma City VAMC, dated June 2012, identified piriformis syndrome with right side sciatica. Physical examination revealed muscle strength as 5/5 in the upper and lower extremities and pinprick testing revealed that sensation was intact, bilaterally. Thus, though the Board acknowledges the diagnosis of sciatica and treatment for related pain, a separate rating cannot be assigned because there are no objective medical symptoms associated with the condition. The Board has considered the Veteran's subjective complaints of pain, however, those complaints alone do not warrant a separate rating.

The Board has considered the benefit of the doubt doctrine, but finds that the preponderance of the evidence is against the assignment of a disability rating in excess of 10 percent. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Increased Rating, following April 5, 2017 

As stated above, the Veteran's back disability was previously rated under the General Rating Formula for Diseases and Injuries of the Spine. Alternatively, back disabilities may also be evaluated under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes (IVDS Formula), whichever results in a higher rating for the Veteran. 38 C.F.R. § 4.71a Note (6). Beginning April 5, 2017 the Veteran's back disability has been rated under the Formula for Rating Invertebral Disc Syndrome Based on Incapacitating Episodes.

Ratings under the IVDS Formula are based on frequency of incapacitating episodes, defined as "a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician." 38 C.F.R. § 4.71a Note(1). According to the Formula for Rating IVDS, a 10 percent rating is warranted for incapacitating episodes having a total duration of at least one week but less than two weeks during the past twelve months; a 20 percent rating requires incapacitating episodes having a total duration of at least two weeks but less than four weeks during the past twelve months; a 40 percent rating requires evidence of incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months; and a 60 percent rating requires evidence of incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. 38 C.F.R. § 4.71a, Formula for Rating IVDS. If intervertebral disc syndrome is present in more than one spinal segment, provided that the effects in each spinal segment are clearly distinct, each segment will be evaluated on the basis of incapacitating episodes or under the General Rating Formula for Diseases and Injuries of the Spine, whichever method results in a higher evaluation for that segment. Id. at Note (2).

Pursuant to the December 2016 remand instructions, the Veteran was afforded a compensation and pension examination to assess her thoracolumbar spine in April 2017. The Veteran was diagnosed with degenerative arthritis of the spine, intervertebral disc syndrome, and IVDS. During the examination, the Veteran explained that she experiences flare-ups, as often as three or four times per month and lasting up to two days. The Veteran described her functional loss as the inability to bend over, turn to the right, or lift anything heavy. The Veteran's forward flexion was 0 to 60 degrees and extension was 0 to 25 degrees. All range of motion testing resulted in pain. The Veteran also had guarding or muscle spasms that results in an abnormal gait, but did not have muscle atrophy or ankylosis of the spine. An addendum opinion was subsequently provided in May 2017 that explained that the Veteran's reported incapacitating episodes are not documented within the claims file, rather, this was the Veteran's self-reported medical history.

A medical opinion was later requested and the examiner explained that there was no objective medical data regarding the Veteran's IVDS and incapacitating episodes. Specifically, the examiner did not find objective evidence of any work loss or evidence of the intensity, frequency, or duration of the Veteran's incapacitating episodes.

A neurological examination was also conducted in April 2017, which showed normal muscle strength testing, normal reflexes, and normal sensation. The examiner found there was mild incomplete paralysis of the sciatic nerve, bilaterally.

The Veteran is in receipt of the highest rating available under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, 60 percent. Further, the only higher rating available to the Veteran would be under the General Rating Formula and requires unfavorable ankyloses of the entire spine, which would result in a disability rating of 100 percent. No medical evidence of record suggests the Veteran has unfavorable ankylosis of the entire spine. As the Veteran has been awarded a 60 percent disability rating under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, and regulations require VA to use whichever of the two Formulas that results in a higher rating for the Veteran, no higher rating is available to the Veteran without unfavorable ankyloses of the entire spine. 38 C.F.R. § 4.71a Note (6).

Further, in this case the Veteran's rating is the result of a combined rating, specifically DC 5242-5243. Intervertebral Disc Syndrome, subject to rating under Diagnostic Code 5243, is evaluated either on the total duration of incapacitating episodes over the past 12 months or by combining, under 38 C.F.R. § 4.25, separate evaluations of its chronic orthopedic and neurologic manifestations along with evaluations for all other disabilities, whichever method results in the higher evaluation. As noted, although all reflex and sensation tests were normal, the 2017 VA examiner concluded there was mild incomplete paralysis of the sciatic nerve bilaterally. However, because the neurological component of the Veteran's disability is rated with the IVDS criteria, no separate rating on this basis can be assigned. There is no evidence of neurological abnormalities, other than those mentioned above, related to the thoracolumbar spine that would warrant a separate rating.

TDIU

Entitlement to a TDIU is potentially an element of all rating issues. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The Veteran is currently employed as an Operations Technician, and, though she admits missing work due to one or more of her service-connected disabilities, the Veteran has not claimed that her service-connected disabilities prevent her from securing or maintaining gainful employment.


ORDER

Prior to April 5, 2017, a rating in excess of 10 percent for a back disability is denied.

After April 5, 2017, a rating in excess of 60 percent for a back disability is denied.


____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs